IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| NORVIEW BUILDERS, INC., | ) | Case No. 09 B 32588 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |

**NOTICE OF MOTION**

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on June 7, 2011, at 10:00 a.m., I shall appear before the Honorable Jack B. Schmetterer, or any other judge sitting in his stead, in Room 682, 219 South Dearborn Street, Chicago, Illinois, and request a hearing on Debtor's Attorneys' Final Application for Allowance of Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 6th day of May, 2011.

                                                              /s/ Gregory K. Stern
                                                                Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
James E. Hausler (Atty. ID #6292973)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick Layng, United States Trustee
219 South Dearborn Street,
Suite 873
Chicago, Illinois 60604

Scott H. Kenig
Randall & Kenig LLP
455 N. Cityfront Plaza Drive
#3160
Chicago, IL 60611

**Parties Served Via US Mail**

Norview Builders, Inc.
9417 South Tulley Avenue
Oak Lawn, Illinois 60453

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| NORVIEW BUILDERS, INC., | ) | Case No. 09 B 32588 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Monica C. O'Brien, James E. Hausler and Christina M. Riepel of Gregory K. Stern, P.C. (the "Attorneys"), attorneys for Norview Builders, Inc., Debtor and Debtor In Possession, and, pursuant to § 330 of the Bankruptcy Code, request that this Court enter an order allowing final compensation of $41,537.00 for 154.20 hours of legal services rendered to the Chapter 11 Debtor In Possession, reimbursement of costs and expenses in the amount of $1,580.19 and payment of the unpaid balance of allowed compensation and reimbursement of costs and expenses totaling $11,263.81, and, in support thereof, state as follows:

1. On September 1, 2009, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code; and, the Debtor, as Debtor In Possession, has continued in possession of its property, pursuant to §§ 1107 and 1108; and, no trustee has been appointed in this case.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; and, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to the US Trustee, all creditors and parties in interest.

4. On August 25, 2009, the Debtor and Counsel entered into an agreement whereby Counsel agreed to represent the Debtor in a Chapter 11 case in consideration for the Debtor's agreement to pay for professional services rendered in accordance with Counsel's hourly fee schedule in effect from time to

time.

5. The rates at which the Attorneys seek compensation are at or below their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients.

6. On or about October 16, 2009, this Court entered an Order Authorizing Employment of Counsel authorizing the employment of the Attorneys, as counsel for the Debtor as Debtor In Possession, with all compensation and reimbursement of expenses subject to further order of this Court.

7. On November 5, 2010, Counsel filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") (Docket No. 94); and, on November 30, 2010, this Court entered an Order Allowing First Interim Compensation and Reimbursement of Costs and Expenses of $31,863.38, to Counsel for 117.50 hours of professional services rendered through November 4, 2010, that has been paid by the Debtor. The First Application is incorporated by reference herein and the itemization of time related to the First Application is attached hereto as Exhibit A and thereby made a part hereof.

8. The Attorneys have expended 36.70 hours of professional services from November 5, 2010 through May 2, 2011, as more fully set forth in the Time Sheets attached hereto as Exhibit B and made a part hereof.

9. The professional services rendered from November 5, 2010 through May 2, 2011 have been separated into four (4) service categories, which have been separated and identified solely for the purposes of summarizing with specificity the services rendered on behalf of the Debtor In Possession and for the benefit of its estate. These service categories and the professional time spent within each category are as follows:

| SERVICE CATEGORY | HOURS |
|---|---|
| A. General Case Administration | 5.00 |
| B. Plan and Disclosure Statement | 28.10 |

    C. Professionals      1.10
    D. Automatic Stay Motions and 2004 Examinations      2.50

**TOTAL:  36.70**

10. The professional services were rendered within the service categories as follows:

A. **General Case Administration**: This service category involved 5.00 hours of services that included: **1)** Meetings, teleconferences and correspondence with Debtor's President, Ed Concannon ("EC"), regarding representation of debtor in possession, debtor in possession operations, completion of operating reports, payment of U.S. Trustee statutory fees, case status, notices, case goals and strategy, communications with parties in interest; **2)** Meetings, teleconferences and correspondence with UST, creditors and creditor attorneys regarding Chapter 11 case and loan restructuring proposals; **3)** Teleconference and correspondence with EC regarding preparation and revision of operating reports; **4)** Organizing and maintaining Debtor's files; **5)** Reviewing proofs of claims and attachments; **6)** General case administration matters.

B. **Plan and Disclosure Statement** - This service category involved 28.10 hours of services related to negotiating and confirming the Debtor's Third Amended Plan and Disclosure Statement, and included the following: **1)** Drafting and revising the Debtor's Third Amended Plan of Reorganization and Disclosure Statement; **2)** Teleconferences, correspondence and meetings with EC regarding Plan, Disclosure Statement, terms for secured creditors and new value investment; **3)** Teleconferences, correspondence and meetings with UST regarding Plan and Disclosure Statement, required additions and amendments to Plan and Disclosure Statement, and progress of Plan Process; **4)** Teleconferences, correspondence and meetings with secured creditor's attorney regarding restructuring proposals, loan modification proposals, confirmation orders and subpoenaed documents; **5)** Draft and revise cash flow statements and liquidation analysis required for Third Amended Disclosure Statement; **6)** Draft Motion to Authorize Subpoena pursuant to 2004 and draft and serve subpoenas upon secured creditor; and **7)** Correspondence to secured creditors attorney requested subpoenaed documents and draft Motion for Contempt; **8)** Serve ballot solicitation package on all creditors; and **9)** Draft Confirmation Order, and representation of Debtor at Plan and Disclosure Statement status hearings and confirmation hearing.

C. **Professionals**: This service category involved 1.10 hours of professional services that included: **1)** Drafting Attorney's First Interim Application for Compensation and reviewing time sheets; and **2)** Representation at court hearings.

D. **Automatic Stay Motion and 2004 Examinations:** This service category involved 2.50 hours of professional services that included: **1)** Representation at continued Court hearings on FMB's Motion for Relief from Automatic Stay; **2)** Drafting subpoenas to Bayview Loan Servicing pursuant to FRCP 2004; and **3)** Correspondence with creditor's counsel to obtain documents pursuant to subpoena.

11.  In addition to the foregoing itemization of time, Counsel estimates that they will expend between three (3) and five (5) additional hours of professional services related to filing of final quarterly reports, closing of the case, distributions to creditors under confirmed Plan of Reorganization, and such additional services as the Reorganized Debtor may require.  Any such additional services will be billed directly to the Reorganized Debtor and paid by the Reorganized Debtor in the ordinary course of its business affairs.

12.  All of the professional services performed were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's reorganization; and, as such, all of the services rendered were authorized pursuant to this Court's October 16, 2009 Order Authorizing Employment Of Counsel and benefited the estate. No time has been included for services that are in the nature of clerical work.  The Applicants state further that there has been no duplication of services by Christina M. Riepel, James E. Hausler, Monica C. O'Brien or Gregory K. Stern.  In those instances where more than one attorney participated in any matter, such joint participation was necessary because of the complexity of the problem involved, the critical time constraints that existed and in an effort to utilize associates time to achieve the blended hourly rate of professional services rendered to date of $300.01.

12.  The value of the professional services rendered by the Attorneys to the Debtor, as Debtor In Possession, covered by this Application is $41,547.00.

13.  Actual and necessary costs in the amount of $1,580.19 have been expended by Counsel as detailed on the Time Sheets attached as Exhibits A and B to this Application.  Costs include filing fees,

postage, witness fees, court reporter costs, advertising costs, copying charges provided by an outside service, and copying charges at the rate of ten cents (.10) per copy.

**WHEREFORE**, Gregory K. Stern, Monica C. O'Brien, and James E. Hausler pray for entry of an Order, pursuant to § 330 of the Bankruptcy Code, allowing Gregory K. Stern, P.C. final compensation in the amount of $41,547.00 for actual and necessary professional services rendered and reimbursement in the amount of $1,580.19 for actual and necessary costs and expenses incurred; authorizing and directing the Debtor to pay the unpaid balance of allowed final compensation and reimbursement of costs and expenses of $11,263.81 as a priority cost of administration; and, for such other relief as this Court deems just.

By: /s/ Gregory K. Stern
Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
James E. Hausler (Atty. ID #6292973)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558